IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY HANDLEY,<br><br>                              Plaintiff,<br><br>             v.<br><br>JOSEPH STRAKA and<br>STOCKERTOWN BOROUGH,<br><br>                              Defendants. | JURY TRIAL DEMANDED<br><br>NO: 5:17-CV-01625-EGS<br><br>HONORABLE EDWARD G. SMITH |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JOSEPH STRAKA TO PLAINTIFF'S COMPLAINT

**NOW COMES** the Defendant, Joseph Straka, by and through counsel Harry T. Coleman, Esquire, and hereby Answers the Plaintiff's Complaint as follows:

### INTRODUCTION

1.    Denied.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Denied.

7.    Denied.

### JURISDICTION AND VENUE

8.  Admitted.

## THE PARTIES

9.    Admitted.

10.   Denied.

11.   Admitted.

## THE 2007 ARSONS

12.   Admitted.

13.   Admitted.

14.   Denied.

15.   Admitted.

16.   Denied.

## DEFENDANT STRAKA DECIDES TO FABRICATE EVIDENCE AGAINST PLAINTIFF RATHER THAN CONDUCT AN HONEST INVESTIGATION

17.   Denied.

18.   Admitted.

19.   Admitted.

20.   Denied.

## STRAKA'S INTERROGATION

21.   Admitted.

22.   Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

## STRAKA ALSO FABRICATED DEWEY'S IDENTIFICATION OF PLAINTIFF

35.    Denied.

36.    Denied.

37.    Admitted.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied.

## WRONGFUL PROSECUTION AND CONVICTION

47.   Denied.

48.   Denied.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied.

53.   Denied.

## PLAINTIFF'S CONVICTION IS OVERTURNED

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.

67.   Denied.

## PLAINTIFF'S DAMAGES

68.   Denied.

69.   Denied.

70.   Denied.

## COUNT I – Federal Law
## Fifth and Fourteenth Amendments (Self-Incrimination)

71.   Paragraphs 1 through 70 are incorporated herein as though they were set forth herein at length.

72.   Denied.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

WHEREFORE, your answering Defendant JOSEPH STRAKA respectfully requests that judgment be entered in his favor and against the Plaintiff plus an award of costs and attorneys' fees.

## COUNT II – Federal Law
## Fourteenth Amendments (Due Process)

77.    Paragraphs 1 through 76 are incorporated herein as though they were set forth herein at length.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

WHEREFORE, your answering Defendant JOSEPH STRAKA respectfully requests that judgment be entered in his favor and against the Plaintiff plus an award of costs and attorneys' fees.

## COUNT III – Federal Law
## Sixth and Fourteenth Amendments (Due Process, Fair Trial)

83.    Paragraphs 1 through 82 are incorporated herein as though they were set forth herein at length.

84.    Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

WHEREFORE, your answering Defendant JOSEPH STRAKA respectfully requests that judgment be entered in his favor and against the Plaintiff plus an award of costs and attorneys' fees.

## COUNT IV – Federal Law Malicious Prosecution

90.     Paragraphs 1 through 89 are incorporated herein as though they were set forth herein at length.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

WHEREFORE, your answering Defendant JOSEPH STRAKA respectfully requests that judgment be entered in his favor and against the Plaintiff plus an award of costs and attorneys' fees.

## COUNT VII – 42 U.S.C. § 1983
### *Monell* Policy Claims

98.   Paragraphs 1 through 97 are incorporated herein as though they were set forth herein at length.

99.   – 102.   The allegations of these paragraphs are directed to Stockertown Borough and no response is therefore required from your answering defendant.

WHEREFORE, your answering Defendant JOSEPH STRAKA respectfully requests that judgment be entered in his favor and against the Plaintiff plus an award of costs and attorneys' fees.

## COUNT VIII – State Law Claim Malicious Prosecution

103.  Paragraphs 1 through 102 are incorporated herein as though they were set forth herein at length.

104.  Denied.

105.  Denied.

106.  Denied.

107.  Denied.

108.  Denied.

109.  Denied.

110.  Denied.

WHEREFORE, your answering Defendant JOSEPH STRAKA respectfully requests that judgment be entered in his favor and against the Plaintiff plus an award of costs and attorneys' fees.

## COUNT IX – State Law Claim Intentional Infliction of Emotional Distress

111.  Paragraphs 1 through 110 are incorporated herein as though they were set forth herein at length.

112.  Denied.

113.  Denied.

WHEREFORE, your answering Defendant JOSEPH STRAKA respectfully requests that judgment be entered in his favor and against the Plaintiff plus an award of costs and attorneys' fees.

## COUNT XI – State Law Claim Respondeat Superior

114.  Paragraphs 1 through 113 are incorporated herein as though they were set forth herein at length.

115. – 116 The averments of these paragraphs are directed to a defendant over whom answering defendant has no control and no response is required.

WHEREFORE, your answering Defendant JOSEPH STRAKA respectfully requests that judgment be entered in his favor and against the Plaintiff plus an award of costs and attorneys' fees.

## COUNT X – State Law Claim Indemnification

117.  Paragraphs 1 through 116 are incorporated herein as though they were set forth herein at length.

116. - 119 The averments of these paragraphs are directed to a defendant over whom answering defendant has no control and no response is required.

WHEREFORE, your answering Defendant JOSEPH STRAKA respectfully requests that judgment be entered in his favor and against the Plaintiff plus an award of costs and attorneys' fees.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims and any rights to recover against answering Defendant are barred in whole or in part by the applicable statutes of limitations, other similar statutes, contractual provisions and other fundamental principles of law including estoppel, waiver and laches.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

In the event that the Plaintiff has already entered, or in the future enters, into any settlement with, or executes any release of any present or future defendant or third party defendant or any non-party, Plaintiff's claims against answering Defendant are reduced by the greater of (a) the amount of consideration or payment received or to be received by Plaintiff, or (b) the proportionate or pro rata share of liability of the settled or released party or nonparty as determined pursuant to the applicable comparative negligence statute.

## FOURTH AFFIRMATIVE DEFENSE

All actions taken by answering Defendant Straka with respect to the Plaintiff Handley were proper, lawful, correct and in full accord with all applicable statutes, regulations, customs, laws and usages.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from liability to the Plaintiff for any of the claims asserted.  Specifically, the Pennsylvania Political Subdivision Tort Claims Act provided immunity to your answering Defendant as he was

not engaged in "willful misconduct" in his dealings with Plaintiff Zachary Handley.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not a member of any protected class and was not subjected to invidious discrimination or other denial of equal protection.

## SEVENTH AFFIRMATIVE DEFENSE

Any act of the answering Defendant was discretionary and was performed in good faith and in keeping with the position of a police officer.

## EIGHTH AFFIRMATIVE DEFENSE

The answering Defendant incorporates herein by reference 42 Pa. C.S.A. §5522, and the requirements set forth therein, as fully as though the same were here set forth at length.

## NINTH AFFIRMATIVE DEFENSE

Any acts of answering Defendant were valid, discretionary and done with the requisite probable cause.

## TENTH AFFIRMATIVE DEFENSE

If answering Defendant violated any rights of the Plaintiff, which is specifically denied, such violation was not arbitrary, willful, intentional, malicious, wanton or reckless.

## ELEVENTH AFFIRMATIVE DEFENSE

If the Plaintiff has any claims for damages against the answering Defendant, which is denied, his claim is nonetheless subject to the statutory limitations on damages set forth in 42 Pa. C.S.A. §8549, 8553 and in the other applicable limitations.

## TWELFTH AFFIRMATIVE DEFENSE

If answering Defendant violated any rights of the Plaintiff, which is specifically denied, answering Defendant did not know and reasonably need not have known that their conduct violated Plaintiff's rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

All actions taken by the answering Defendant were justified, privileged and reasonable.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any actions taken by answering Defendant were of the type(s) for which he would have had defenses available at common law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any actions taken by answering Defendant represented conduct which was discretionary and which did not violate clearly established statutory or constitutional rights of which a reasonable person would have known and, further, did not violate any rights of the Plaintiff whatsoever.

## SIXTEENTH  AFFIRMATIVE DEFENSE

The claim of the Plaintiff alleged against Officer Straka does not rise to the level necessary to support a claim for punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any act of the Answering Defendant Joseph Straka was discretionary and was performed in good faith and in keeping with the position of a law enforcement officer of Stockertown Borough.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff are time barred under the two year Statute of Limitations of the Commonwealth of Pennsylvania, 42 Pa. Cons. Stat. § 5524(2).

**WHEREFORE,** your answering Defendant respectfully request that judgment be entered in their favor and against the Plaintiff on the claims asserted, plus an award of attorney's fees and costs.

Respectfully submitted,

Date: September 26, 2017          LAW OFFICE OF HARRY T. COLEMAN

By: /s/ Harry T. Coleman
Harry T. Coleman, Esquire
Attorney ID No.: 49137
41 N. Main Street
3rd Floor, Suite 316
Carbondale, PA 18407
(570) 282-7440
Harry@harrycolemanlaw.com

*Attorney for Joseph Straka*